UNITED STATES  DISTRICT COURT

Northern District of California

VALERIE ADAMS,

                Plaintiff,

    v.

KAISER PERMANENTE, *et al.*,

                Defendants.

_____/

No. C 09-01270 JSW (MEJ)

**DISCOVERY ORDER**

      On September 18, 2009, the parties in this action filed a joint letter detailing a discovery dispute concerning Defendants' request for production of Plaintiff's medical records.  (Dkt. #17.) Specifically, the parties dispute the time frame of medical records that must be produced, as well as the relevancy of the requested medical records.  Having reviewed the parties' letter, the Court ordered Plaintiff to execute the requested releases[1] for release of her medical records, and ordered the parties to submit briefs setting forth their respective positions regarding why the documents are discoverable.  (Dkt. #23.)

      The Court is now in receipt of the parties' further briefing, (Dkt. ##24, 25), as well as Plaintiff's Kaiser medical records, dated September 30, 2008 through February 1, 2010, that were submitted for in camera review.  Upon review of the medical records, the Court finds that they are relevant to her claimed emotional distress damages.  The Court also finds that the relevance of the documents outweighs any privacy right because the submitted Kaiser records relate directly to her emotional distress claim, and they are therefore discoverable under California Evidence Code section 996 ("There is no privilege under this article as to a communication relevant to an issue concerning the condition of the patient if such issue has been tendered by . . . [t]he patient.")

---

[1]Attached as Exhibit A to Docket #17.

Accordingly, the Court hereby ORDERS Plaintiff to produce the Kaiser medical records, dated September 30, 2008 through February 1, 2010, within seven calendar days from the date of this Order.

In reviewing the parties' joint letter, (Dkt. #17), the Court is concerned that Plaintiff has not submitted all of her medical records. Specifically, Plaintiff suffered injuries in a November 2007 car accident that caused her to be away from work for four months, yet she did not submit any medical records from this time period. (Dkt. #17 at 3.) The Court also notes that, as of August 2008, Plaintiff claims she was unable to perform her job duties due to work-related emotional distress, yet she submitted no records leading up to this time, and no records between August and September 30, 2008. (Dkt. #17 at 3.) Accordingly, the Court hereby ORDERS as follows:

1) Within seven calendar days of this Order, Plaintiff shall file a declaration, attesting under penalty of perjury that, with the exception of the September 30, 2008 through February 1, 2010 Kaiser medical records already submitted, she has no other medical records for the three-year period prior to the alleged onset of her claimed emotional distress, and no other medical records for any period thereafter; OR

2) Within seven calendar days of this Order, Plaintiff shall submit all her medical records for a period of three years prior to the alleged onset of her claimed emotional distress, and any medical records for any period thereafter, with the exception of the September 30, 2008 through February 1, 2010 Kaiser medical records already submitted for in camera review.

**IT IS SO ORDERED.**

Dated: February 17, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge

2